```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
```

In the Matter of the Arbitration Between

HARBOUR VICTORIA INVESTMENT
HOLDINGS LTD.,

   Petitioner,

 -v-                No.  15CV03212-LTS

KABUL CHAWLA and BPTP LTD.,

   Respondents.

```
--------------------------------------------------------x
```

<u>MEMORANDUM OPINION AND ORDER</u>

    Petitioner Harbour Victoria Investment Holdings Ltd. ("Petitioner") brought suit to confirm an arbitral award against respondents Kabul Chawla, Anupam Towers PVT Ltd., Sunglow Overseas PVT Ltd., Druzba Overseas PVT Ltd., Business Park Promoters PVT Ltd., Fragrance Construction PVT Ltd., K.A. Promoters & Developers PVT Ltd., Poonam Promoters & Developers PVT Ltd., Vasundra Promoters PVT Ltd., Punam Chawla, Anjali Chawla and BPTP Ltd. ("Respondents").[1]  Before the Court is Respondents' motion for damages and costs, including attorneys' fees spent defending against Petitioner's unsuccessful attachment application and vacated temporary restraining order.  The Court has subject matter jurisdiction of this proceeding pursuant to 9 U.S.C. § 205.  Personal jurisdiction is disputed.  The Court has carefully considered the parties' initial submissions and supplemental briefing on the attorneys'

---

[1] Petitioner voluntarily dismissed this action, without prejudice, as against all Respondents other than Kabul Chawla and BPTP Ltd. by a stipulation that was endorsed and entered on July 22, 2015.  (Docket Entry No. 62.)

fees issue.  Petitioner specifically opposes the attorneys' fees element of Respondents' motion. For the following reasons, Respondents' motion for damages and costs is granted except to the extent Respondents seek to recover their attorneys' fees incurred in opposing Petitioner's application for attachment and injunctive relief.

### BACKGROUND

Petitioner won an arbitral award against Respondents in the United Kingdom. (Hr'g Tr. 2, May 15, 2015, Docket Entry No. 46.)  Petitioner sought to confirm the award in New York state court.  (Id.)  Petitioner moved before the state court for an order of attachment restraining certain residential property and a temporary restraining order pending a hearing on the attachment.  (Id. at 2-3.)  The state court granted the temporary restraining order ("State Court TRO"), and did not require any security.  (Id. at 3.)

Respondents removed the proceeding to this Court prior to the state court hearing on the attachment motion.  (Id.)  After an April 28, 2015, hearing, the Court modified the State Court TRO ("Modified TRO") pending a hearing on the attachment.  (Order, Docket Entry No. 22.)  The Modified TRO required Petitioner to post a $500,000 bond.  (Id.)  The order regarding the Modified TRO said nothing about the bond covering Respondents' attorneys' fees. Respondents' counsel had the following exchange with the Court at the hearing:

> THE COURT: I want you to state clearly on the record here what it is you are asking me to require by way of security and the basis for that.
> . . . .
> MR. CHENG: Your Honor, the amount of security required should ensure that our clients are protected, should they need to find another apartment, that they have protection should they need to lease another apartment, and as we know, brokers' fees, at that price point, are tremendously hefty.

(Hr'g Tr. 44, Apr. 28, 2015, Docket Entry No. 28-11.)  On May 15, 2015, the Court denied Petitioner's motion for an attachment and granted Respondents' motion to vacate the Modified

TRO.  (Hr'g Tr. 3, May 15 2015.)  Respondents also moved to recover attorneys' fees at that time, and the Court permitted supplemental briefing on that issue.  (Id. at 10-11.)

## DISCUSSION

Respondents argue that the bond securing the Modified TRO was implemented pursuant to New York law and therefore covers attorneys' fees.  Respondents begin with Federal Rule 64(a), which provides that

> [a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Attachment is one such remedy.  Fed. R. Civ. P. 64(b).  Petitioner was able to seek an attachment in this case because that remedy is available under New York law.  N.Y. C.P.L.R. § 6201.  New York law also provides for a temporary restraining order pending a hearing on an attachment request.  Id. § 6210.  Courts may require security for a temporary restraining order pursuant to N.Y. C.P.L.R. § 6313(c):

> [p]rior to the granting of a temporary restraining order the court may, in its discretion, require the plaintiff to give an undertaking in an amount to be fixed by the court, containing terms similar to those set forth in subdivision (b) of rule 6312, and subject to the exception set forth therein.

The referenced N.Y. C.P.L.R. § 6312(b) provides that

> prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction.

Under New York law, such an undertaking "extends to any attorneys' fees incurred in vacating the wrongful restraint or injunction." Agnew v. Alicanto, S.A., 125 F.R.D. 355, 358 (E.D.N.Y. 1989) (awarding attorneys' fees based on undertaking and orders providing for coverage of "defendants' costs and damages, including reasonable attorneys' fees").  Thus, according to

Respondents' theory, state law governs here through Federal Rule 64, and Respondents may recover attorneys' fees.

Petitioner points instead to Federal Rule 65, which authorizes temporary restraining orders under federal law. In particular, Rule 65(c) provides that

> [t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

"Consistent with [the] general [American] rule against fee-shifting, it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction." Nokia Corp. v. Interdigital, Inc., 645 F.3d 553, 560 (2d Cir. 2011). Thus, according to Petitioner's theory, Federal Rule 65 governs the scope of the undertaking in connection with the Modified TRO and Respondents may not recover attorneys' fees.

The Court need not determine which Federal Rule is applicable, however, because the result is the same under either. If Federal Rule 65(c) applies, attorneys' fees are categorically unavailable. If Federal Rule 64 applies, the recovery of attorneys' fees depends on the nature of the required bond. The state statutory provision upon which Respondents rely, N.Y. C.P.L.R. § 6313(c), allows a court, "in its discretion," to require a bond securing a temporary restraining order "containing terms similar to those set forth in subdivision (b) of rule 6312."

The bond provision of the Modified TRO did not include language similar to the provisions of N.Y. C.P.L.R. § 6212(b). It referred to "security" without elaboration. Unlike the orders in Agnew v. Alicanto, S.A., 125 F.R.D. 355, 358-59 (E.D.N.Y. 1989), the case upon which Respondents most heavily rely, the Court's order requiring the bond here said nothing

about attorneys' fees.  See also Agnew, 125 F.R.D. at 359 ("The trial court has wide discretion to impose terms as a condition of granting . . . a restraint or injunction.").  Nor did Respondents, when given an opportunity at the April 28, 2015, hearing to comment on the Court's proposed language for the Modified TRO, mention anything about the bond covering fees.  (Hr'g Tr. 62-69, April 28, 2015.)  And even when the Court, attempting to determine an appropriate value for the bond, directly asked Respondents what the bond would cover, counsel did not refer to fees.  Against this backdrop, attorneys' fees incurred in opposing Petitioner's application are clearly outside of the scope of protection provided by the bond.

CONCLUSION

Respondents' motion for damages and costs (to be determined) is granted except to the extent Respondents seek to recover their attorneys' fees incurred in opposing Petitioner's application for attachment and injunctive relief.

Respondents must file their application for allowable damages and costs, with evidentiary support, by August 17, 2015.  Any opposition must be filed and served by September 4, 2015.  Any reply must be filed by September 18, 2015.  Courtesy copies must be provided for Chambers.  The bond shall remain in place pending further order of the Court.

The initial pretrial conference in this case will be held on September 10, 2015, at 12:30.  The parties must confer in advance of the conference as provided in the Court's July 17, 2015, order (docket entry no. 60).

SO ORDERED.

Dated: New York, New York
      July 31, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge