UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In the Matter of the Arbitration Between

HARBOUR VICTORIA INVESTMENT
HOLDINGS LTD.,

        Petitioner,

  -v-                                    No.  15 CV 3212-LTS

KABUL CHAWLA and BPTP LTD.,

        Respondents.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Petitioner Harbour Victoria Investment Holdings Ltd. ("Petitioner") brought suit to confirm an arbitral award against a number of Respondents, the majority of whom have been dismissed from this proceeding by stipulation (see docket entry no. 62).  Before the Court is an application by the two remaining Respondents, Kabul Chawla and BPTP Ltd. ("Respondents") for damages and costs.  (Docket entry no. 64.)  The Court has subject matter jurisdiction of this proceeding pursuant to 9 U.S.C. § 205.  Personal jurisdiction is disputed, and a motion to dismiss for lack of personal jurisdiction remains pending (see docket entry no. 57).  The Court has previously ruled on Respondents' motion for damages and costs (docket entry no. 63), and granted that motion except to the extent that Respondents sought to recover their attorneys' fees, directing Respondents to file the instant application for allowable damages and costs (docket entry no. 64).  The Court has carefully considered the parties' submissions in connection with this application for specified damages and costs.  For the following reasons, Respondents' application is denied.

Respondents seek to recover eleven categories of costs. (Docket entry no. 65, Declaration of Tai-Heng Cheng, ¶¶ 5, 9.) All of these costs were either incurred by Quinn Emanuel Urquhart & Sullivan LLP, the law firm representing Respondents, and then billed to Respondents, or incurred directly by Respondents for travel in connection with their defense of the litigation. (Id. ¶¶ 4, 9.)

For substantially the reasons this Court articulated in its Order denying Respondents' motion for damages and costs to the extent Respondents sought to recover their attorneys' fees (docket entry no. 64), Respondents' application here is unavailing. The expenses sought were clearly ones incurred in defending this action, as opposed to economic damages incurred as a result of the pendency of the temporary restraining order ("TRO"). As such, they are outside of the scope of coverage of the TRO security provision, which did not explicitly provide for the recovery of attorneys' fees or related litigation expenses. Nor does Federal Rule of Civil Procedure 65(c) contemplate the shifting of attorneys' fees or other litigation expenses. See Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 560 (2d Cir. 2011) (noting that the principle "that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction" does not apply in the situation where a party does not seek recovery of either "attorneys' fees *or legal expenses*" (emphasis added)).

Respondents argue that, in referring only to attorneys' fees in its Order regarding Respondents' motion for damages and costs (docket entry no. 64), the Court affirmatively approved the shifting of litigation expenses. A fair reading of that Order makes it plain that the Court did no such thing. For the avoidance of doubt, this Court's previous Order (docket entry no. 64) is hereby amended, nunc pro tunc, to deny recovery of attorneys' fees and related legal expenses and costs incurred by those attorneys, without prejudice to any claim pursuant to

Federal Rule of Civil Procedure 54(d)(1) for costs by a prevailing party at the conclusion of this litigation.

For these reasons, Respondents' application for damages and costs is denied in its entirety. The bond provision of the TRO (docket entry nos. 22, 25) is hereby terminated. This Order resolves docket entry no. 64.

SO ORDERED.

Dated: New York, New York
September 23, 2015

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge